IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**TONIA L. LEWIS,**

        Petitioner,

v.                                   Civil No.: 5:20-CV-124
                                        (BAILEY)

**P. ADAMS, Warden**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On June 23, 2020, the petitioner filed this Writ of Habeas Corpus Under 28 U.S.C. § 2241.  [Doc. 1]. On July 2, 2020, the petitioner paid the $5 filing fee. [Doc. 5]. The petitioner is federal inmate housed at SFF Hazelton and is challenging her Public Safety Factor as well as other specific conditions of her confinement.  The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied for lack of jurisdiction.

**II.    THE PETITION**

The petitioner alleges that the Bureau of Prisons ("BOP") has placed a Public Safety Factor  ("PSF") against her in violation of BOP policy 5100.08 for serious telephone abuse. The petitioner alleges that this PSF hinders her from making

telephone calls and restricts her camp status. In addition, she alleges that for the two days before she signed her petition, she has been subjected to inhumane/ uninhabitable living conditions due to extremely low water pressure and discolored water such that she cannot flush the toilet or take a shower.  She further alleges that since March 16, 2020, she has had no direct access to a copier to copy sensitive legal documents. In addition, the petitioner alleges that since about March 16, 2020, she has been repeatedly denied access to the law library and then given only limited time of thirty minutes three days per week beginning June 16, 2020. Finally, she alleges that she has experienced potential exposure to COVID-19 and has yet to be tested for the coronavirus.

For relief, the petitioner is requesting that the Court order and/or appoint a guardian ad litem or some other court appointed official to oversee the conditions of her imprisonment. She also requests that the Court force SFF Hazelton to bring the prison, including cells and all common areas up to par for human living and order testing of the water when it is fixed.  With respect to the PSF, the petitioner requests that the Court order SFF Hazelton to divulge the nature of the offense and/or crime that she committed.  The petitioner also requests that the Court order SFF Hazelton to provide her direct access to a copier and provide her research time in the law library. Finally, she requests that the Court order testing for coronavirus and antibody testing to ensure that she does not have this potentially deadly virus.

### III. STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   ANALYSIS

A §2241 petition is used to attack the way a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that

confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Examples of anappropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted). Therefore, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of her confinement, or the conditions of her confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of her sentence. Instead, she alleges that the BOP has improperly placed a PSF against her which hinders her from making phone calls and restricts her camp status. In addition, she complains about poor sanitary conditions, restrictions on her ability to use a copier, access to the library and failure to be tested for the coronavirus. Her claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of her confinement. In fact, were the petitioner to succeed on the merits of her claim regarding the PSF placed against her, she would be, at best, entitled to a recalculation. The fact or duration of her confinement, however, would remain the same. Likewise, the petitioner's additional claims in no way impact the fact or duration of her confinement. Therefore, the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser 411 U.S. at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

For the foregoing reasons, the undersigned **RECOMMENDS** that the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to her right to file a <u>Bivens</u> action.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 15. 2020.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE