# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**TONIA L. LEWIS,**

      Petitioner,

v.                                           **CIVIL ACTION NO. 5:20-CV-124**
                                                     **(BAILEY)**

**P. ADAMS, WARDEN,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on July 15, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice to petitioner's right to file a ***Bivens*** action. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petition in this case raises various challenges to the conditions of petitioner's confinement at SFF Hazelton in Bruceton Mills, West Virginia. According to the petition, the BOP placed a Public Safety Factor ("PSF") against her for a violation of BOP policy 5100.08 for serious telephone abuse, thus restricting her phone calls and camp status. [Doc. 1 at 5]. Second, petitioner alleges she has been subjected to inhumane and uninhabitable conditions as a result of problems with the water supply: a lack of running water, times where water pressure was extremely low and the water had a brown tint, and times during which her toilet was unable to flush. [Id. at 6]. Third, petitioner alleges she has

been denied access to a copier to copy sensitive legal documents. [Id.].  Fourth, petitioner alleges she has had limited access to the law library, given only the limited time of thirty-minutes, three days per week beginning in mid-June. [Id.].  Fifth, petitioner asserts she has been exposed to COVID-19 and that despite COVID-19 symptoms among inmates, SFF Hazelton has not administered tests for the virus to inmates.  [Id. at 8].  For relief, petitioner asks this Court to appoint a guardian ad litem, to order SFF Hazelton to "bring the prison, including cells and all common areas up to par for human living and order testing of the water," to divulge the nature of the PSF against her, to provide access to both the copier and law library, and to implement testing for the virus.  [Id. at 9].

On July 15, 2020, Magistrate Judge Mazzone issued his R&R.  The magistrate judge found that petitioner does not attack the execution of her sentence but, instead, challenges conditions of her confinement.  [Doc. 10 at 4].  Because success on the merits of her claim would not affect the fact or duration of petitioner's confinement, the magistrate judge found that these claims should be brought as a civil rights complaint and not in a habeas petition.  [Id.].  Accordingly, the R&R recommends the petition be dismissed without prejudice as to petitioner's right to file a *Bivens* action.  [Id.].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  The petitioner timely filed her Objections to the R&R [Doc. 12] on July 31, 2020.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Petitions under 28 U.S.C. § 2241 may be filed to attack the fact or length of a petitioner's confinement, but generally not the conditions of that confinement.  *See* **Preiser v. Rodgriguez**, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 (1973).  The Supreme Court has further held that a habeas petition is appropriate when "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." **Wilkinson v. Dotson**, 544 U.S. 74, 82 125 S.Ct. 1241 (2005).  As stated above, the Magistrate Judge found that petitioner's

claims should have been properly brought under a civil rights complaint, not a § 2241 petition. In petitioner's objections, she objects to the magistrate judge's finding of this Court lacking jurisdiction and asserts the urgency of this matter.  *See* [Doc. 12].  The petitioner asserts that the urgency and ongoing nature of the conditions she alleges invoke this Court's authority and jurisdiction.  [Id. at 13].  Petitioner does not, however, show any reason why the magistrate judge is incorrect in his finding that the petition relates only to the conditions of petitioner's confinement.  Accordingly, this Court agrees with the magistrate judge that a § 2241 petition is not the appropriate remedy in this case.  Thus, petitioner's objections are overruled.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the petitioner's objections **[Doc. 12]** are **OVERRULED**.  This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE** as to petitioner's right to file a *Bivens* action.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 24, 2020.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE